UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY NEWMAN, et al.,

                    Plaintiffs,

v.                                               **DECISION AND ORDER**
                                                        14-CV-278S

COUNTY OF NIAGARA,

                    Defendant.

      1.      Presently before this Court are the parties' arguments regarding the availability of damages and relief in this case, which is set for jury selection and trial on June 26, 2018. In response to a request from this Court, Plaintiffs have filed an explanation of damages and relief sought, stating that they do not seek monetary damages or injunctive relief. Instead, they seek only: (1) attorney's fees in the amount of $27,790.91 and (2) declaratory relief, in the form of a jury verdict, stating that Defendant's policy on the use of "Comp Time" is a violation of the Fair Labor Standards Act ("FLSA"). Defendant argues that Plaintiffs are not entitled to attorney's fees and that the declaratory relief sought would not and could not result in an immediate or unilateral change, because the County is legally required to negotiate with the union to which Plaintiffs belong prior to making changes in the terms of union members' employment.

      2.      Although neither party has raised dismissal at this time, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial." Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995). While numerous considerations may come

into play when exercising such discretion, two "important criteria to be weighed by the Court are whether declaratory relief would clarify and settle the legal relations in issue, and whether it would afford relief from the uncertainty and controversy giving rise to the controversy."  Delpro Co. v. Nat'l Mediation Bd. of U. S. A., 509 F. Supp. 468, 476 (D. Del. 1981) (declining jurisdiction over case where matter could not be finally resolved because union was not joined as a party, and noting that "[a] court may in its discretion decline to grant declaratory relief because of the non-joinder of an interested party, regardless of whether the absent party is indispensable within the meaning of Rule 19(b) of the Federal Rules of Civil Procedure").  Both of those criteria appear to weigh in favor of dismissal here.

3. First, Plaintiffs have yet to clarify how a declaratory judgment would settle the issues of this case.  New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 418 (S.D.N.Y.1979) (declaratory junction inappropriate where the "declaration sought will not settle the legal relations in issue at the present juncture nor will it terminate the controversy giving rise to the proceeding.").  It appears that "no useful purpose would be served by permitting [Plaintiffs] to litigate the question" because the union—which is an interested if not necessary party—would not be bound by the judgement.  See Delpro Co., 509 F. Supp. at 476-77; see also Lykes Lines Ltd. LLC v. Bringer Corp., No. 04 CIV. 4460 RMBFM, 2007 WL 766170, at *5 (S.D.N.Y. Mar. 12, 2007).

4. Second, Plaintiffs have provided no opposition to Defendant's argument that declaratory relief, if granted, would not change the parties' positions and would therefore be effectively futile.  This Court is aware that the parties previously reached a proposed settlement that was voted down by the union, which would appear to support

Defendant's argument. Circuit courts have held that it is within the district court's discretion to dismiss a case where a declaratory judgment would not remedy the harm allegedly suffered. DeNovellis v. Shalala, 124 F.3d 298 (1st Cir. 1997); see also Wilton, 515 U.S. at 288 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").

5. Third, if Plaintiffs do seek to litigate this issue further, after the grant of declaratory judgment in this Court, that would also counsel in favor of dismissal. "[T]he avoidance of piecemeal litigation should be given great weight in the context of declaratory judgment actions because such litigation would complicate and fragment the trial of cases and cause friction between state and federal courts." Travelers Indem. Co. v. Crown Cork & Seal Co., 865 F. Supp. 1083, 1091–92 (S.D.N.Y. 1994) (quoting Lumbermens Mut. Casualty Co. v. Connecticut Bank & Trust Co., N.A., 806 F.2d 411 (2d Cir. 1986)).

6. Finally, without an understanding of how—or if—a declaratory judgment can provide relief that will change Plaintiffs' position, it cannot assess whether a grant of attorney's fees would be appropriate. Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) ("to qualify as a prevailing party [under FLSA], a plaintiff must demonstrate a change in the legal relationship between itself and the defendant arising from the resolution of the lawsuit"). Based on the information that has been provided thus far, it would appear that attorney's fees would not be available, because the remedy sought would not result in a change in the parties' legal relationship.

7. Accordingly, this Court solicits the parties' input as to whether dismissal is appropriate at this time.

IT HEREBY IS ORDERED that the parties shall make simultaneous filings with regard to their position on discretionary dismissal on June 15, 2018.

FURTHER, that the parties shall appear for a status conference on June 20, 2018 at 11 a.m. to discuss these issues. If possible, a representative of the union should also appear.

SO ORDERED.

Dated: June 11, 2018
Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge