UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY NEWMAN, et al.,

                               Plaintiffs,

      v.                                      **DECISION AND ORDER**
                                                 14-CV-278S

COUNTY OF NIAGARA,

                               Defendant.

1.     In response to this Court's Order (Docket No. 99), the parties have submitted arguments regarding discretionary dismissal and their positions as to whether this matter should proceed to trial on June 26, 2018 (Docket Nos. 100, 101).  Having reviewed those submissions and the relevant law, this Court finds that further argument is unnecessary and immediate dismissal is appropriate.

2.     The Magistrate Judge in this matter issued a Report and Recommendation on June 1, 2016, recommending that Defendant's motion for summary judgment be denied.  (Docket No. 38.)  It based that recommendation, in part, on the understanding that Plaintiffs sought not only declaratory relief, but also monetary damages.  (Id. at 24.) Plaintiffs did not disagree with this understanding and appeared to implicitly agree that they sought monetary damages in addition to declaratory relief.  (See Docket No. 43 at 23.)  This Court accepted the Report and Recommendation on September 2, 2016. (Docket No. 47.)

3.     With trial approaching, this Court found it necessary to revisit the issue and determine the exact nature of relief sought by Plaintiffs, particularly monetary damages. In response to this Court's direction, Plaintiffs made clear that they seek no monetary damages, but instead request only declaratory relief and attorney's fees, specifically, a

1

jury verdict declaring that Defendant's policy on the use of "Comp Time" is a violation of the Fair Labor Standards Act ("FLSA"), and $27,790.91 in attorney's fees.  (Docket Nos. 94, 96.)

4.      Plaintiffs now further clarify the nature of the declaratory judgment that they seek.  First, they seek a judgment "that the practice[ of denying comp time] as applied to the[ ] Plaintiffs was contrary to FLSA."  (Docket No. 101 ¶ 5.)  This Court lacks subject matter jurisdiction to award such relief, because "the Eleventh Amendment bars retrospective declaratory relief against state officials." New York State Court Clerks Ass'n v. Unified Court Sys. of New York, 25 F. Supp. 3d 459, 468 (S.D.N.Y. 2014) (citing Green v. Mansour, 474 U.S. 64, 74, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985)).  Accordingly, to the extent that Plaintiffs seek a declaration regarding past violations of FLSA, such relief is unavailable.

5.      Second, Plaintiffs seek "a declaration that . . . routine denials [of their requests to use comp time] are a violation of the FLSA."  (Docket No. 101 ¶ 4.)  This seems to be a request for relief from a continuing violation rather than a past wrong and, as such, this Court has subject matter jurisdiction to hear the claim under the Declaratory Judgment Act.  That statute reads, in relevant part:  "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "Courts have consistently interpreted this permissive language as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003).  In other words, "[t]he

Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so.'" <u>Daebo Int'l Shipping Co. v. Americas Bulk Transp.</u>, No. 12 Civ. 7960(PAE), 2013 WL 2149595, at *2 (S.D.N.Y. May 17, 2013) (quoting <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 136, 127 S. Ct. 764, 776-77, 166 L. Ed. 2d 604 (2007) (internal citation omitted) (emphases in original)).

6.     This Court previously noted that discretionary dismissal appears appropriate here because a declaratory judgment will not settle or clarify the relationship between the parties, in part because the union is not a party to this suit, and Plaintiffs will not be afforded relief from uncertainty, in part because injunctive relief is not available.[1] (<u>See</u> Docket No. 99.)   Plaintiffs now admit that, in the event their suit is successful, "neither the union or management would necessarily be bound by the judgment" and would remain "free to proceed as they wish."   (Docket No. 101 ¶ 7.)   Based on this statement, this Court does not see how the declaratory judgment that Plaintiffs seek would settle or clarify the relationship between the parties, as the legal positions of the parties will not have changed.   Plaintiffs further admit that there cannot be a change in the policy without the union's involvement, but argue that they do not actually seek a change in the policy, only a finding that the policy violates FLSA "as applied" to the four Plaintiffs.   (<u>See</u> <u>id.</u> ("[T]he union can't presently be seen as a necessary party because of some sort of a need to have its blessing to carry out some future conditional act.   The union and management would still be free to proceed as they wish, but there will have been a formal declaration put in place as it relates to our Plaintiffs, their circumstances, and the subject policies as applied to them.")   Indeed, instead of clarifying the positions

---

[1] This Court notes, and Plaintiffs appear to concede, that injunctive relief is available under FLSA only in cases brought by the Secretary of Labor.   <u>See</u> <u>New York State Court Clerks Ass'n</u>, 25 F. Supp. 3d at 466.

of the parties, such a declaration may risk further muddying the relationship, as Plaintiffs seem to seek treatment or accommodation that would differ from that of other union members.  Moreover, there would be no relief from uncertainty.  Again, because the Defendant would not be bound by the declaration, and because Plaintiffs have no means of enforcing the judgment, the parties' positions would remain as uncertain as they are now.  See DeNovellis v. Shalala, 124 F.3d 298, 313-14 (1st Cir. 1997) (granting discretionary dismissal where declaratory judgment would not remedy the harm alleged).[2]

7.    Considerations of efficiency also suggest that this matter should not continue to trial.  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995).  In addition to the time that would be devoted to trial by the parties, attorneys, witnesses, and court staff, numerous jurors would be required to appear for selection and eight would be required to spend at least a week hearing and deliberating on these issues.  It would not be a practical or efficient use of judicial and community resources to continue forward with this matter where, even if Plaintiffs were successful, Defendant would not be required to change its policy toward them.  For all these reasons, this Court finds dismissal of Plaintiffs' claim to be an appropriate exercise of discretion.

---

[2] Plaintiffs further argue that the suit should go forward even though they have "the option of proceeding under the [Collective Bargaining Agreement]" rather than FLSA to enforce the rights at issue.  (Docket No. 101 ¶ 8.)  "This fact in itself makes declaratory judgment inappropriate," because "[a] cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract."  Deutsche Alt-A Secs. Mortg. Loan Trust v. DB Structured Prods., 958 F. Supp. 2d 488, 507 (S.D.N.Y. 2013) (quoting Apple Records, Inc. v. Capitol Records. Inc., 137 A.D.2d 50, 53, 529 N.Y.S.2d 279 (1st Dep't 1988)).  Therefore this argument also weighs in favor of dismissal herein.

8.      Finally, with respect to attorney's fees, Plaintiffs are correct that "[j]udgment for a plaintiff on a claim for declaratory relief will 'usually' be satisfactory for finding that the plaintiff has prevailed in order to recover attorney's fees."  See Barrows v. City of Chattanooga, Tenn., 944 F. Supp. 2d 596, 607 (E.D. Tenn. 2013) (quoting Lefemine v. Wideman, 568 U.S. 1, 4, 133 S. Ct. 9, 11, 184 L. Ed. 2d 313 (2012).   However, the Supreme Court has held that "[a] plaintiff 'prevails . . .when actual relief on the merits of his claim materially alters the legal relationship between the parties *by modifying the defendant's behavior* in a way that directly benefits the plaintiff."  Lefemine, 568 U.S. at 4 (emphasis added) (quoting Farrar v. Hobby, 506 U.S. 103, 111-112, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)).   Again, as Plaintiffs admit, in the event they are successful, Defendant is not "bound by the judgment" and would remain "free to proceed as [it] wish[es]."  (Docket No. 101 ¶ 7.)  Because a judgment in Plaintiffs' favor would not modify Defendant's behavior, that judgment would not render Plaintiffs prevailing parties under FLSA.

IT HEREBY IS ORDERED that Plaintiffs' claim is dismissed for lack of subject matter jurisdiction and pursuant to this Court's discretion;

FURTHER, that the Clerk of Court is directed to close this case.

FURTHER, future court appearances, including the status conference scheduled for June 20, 2018, are cancelled.

SO ORDERED.

Dated: June 19, 2018
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge